FILED by _RAL_ D C
INTAKE

FEB 0 3 2010

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### IN ADMIRALTY

CASE NO.:_____

WILLIAM HAND,

      Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, William Hand ("Hand" or "the Insured"), by and through undersigned counsel, and pursuant to Rule 3 of the Federal Rules of Civil Procedure and 28 U.S.C. §1333 files this Complaint against Defendant, Certain Underwriters at Lloyd's, London ("Lloyds"), and alleges as follows:

### NATURE OF ACTION

1.    This is an action for damages for breach of contract arising out of Lloyds's failure to indemnify Hand for covered loss resulting from a theft of Hand's boat.

### PARTIES

2.    Hand is a resident of Stone Harbor, New Jersey. Hand owns a second home in Islamorada, Florida.

3.    Lloyds is a nonprofit corporation created in 1871 by a Special Act of the English Parliament. It does no underwriting, but provides services to members who perform

underwriting in their individual capacities. The individual members transact their business in groups called syndicates, and are managed by agents who employ active underwriters to handle the syndicate's business. Hand initiates this action against the particular syndicates and underwriters who have subscribed to, and are liable upon, the insurance policy sold to Hand. On information and belief, certain members of the syndicate participating in the subject insurance contract ("Names") are either incorporated under the laws of the State of Florida or are residents of this state. Plaintiff stands prepared to amend this statement if discovery proves otherwise.

## JURISDICTION AND VENUE

4.     This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

5.     Venue is appropriate in this Court because the property at issue is located within this judicial district, the policy of insurance was delivered to Hand within this judicial district, and a substantial part of the acts or omissions giving rise to this action occurred within this judicial district.

## BACKGROUND

6.     Hand is the owner of a 2006 29-foot Hydra-Sports boat (the "Boat").

7.     Lloyds issued a marine all risks insurance policy to Hand bearing policy number 08H0105/0687 (the "Policy"), for which Hand paid a premium. A true and correct copy of the Policy is attached as Exhibit "A." The Policy was in full force and effect from February 22, 2009, to February 22, 2010.

Complaint

## THE LOSS AND CLAIMS PROCESS

8.    On June 25, 2009, the insured Boat, including an accompanying trailer and two outboard motors, was stolen from Hand's residence in Islamorada, Florida.

9.    Hand promptly reported the theft both to the Monroe County Sheriff's Department and to Lloyds.

10.    The Boat was found the next day in Miami, Florida by the Miami-Dade County Police Department, and subsequently transferred to Plantation Boat Mart & Marina ("Plantation") in Tavernier, Florida.

11.    On July 15, 2009, Dave Morris of Morris Marine, Inc., representing Lloyds, conducted a marine survey of the recovered hull.  The purpose of the survey was apparently two-fold:  (1) to determine the cause of damage to the Boat and (2) to determine the extent of the damage to the insured property.  The report concluded that the cause of loss was a theft as Hand maintained, with the damages to the hull and missing equipment being consistent with a theft. Even though Morris's report is dated July 16, 2009, Lloyds did not provide a copy of the report to Hand until more than four months later, on December 2, 2009.

12.    Hand submitted a Sworn Statement in Proof of Loss in the amount of $117,167.99, which constituted $116,000 in loss and damage to the Boat plus $1,167.99 in storage and hauling costs, on October 8, 2009.

13.    Despite receiving the survey report, Lloyds denied coverage for Hand's claim by letter dated October 14, 2009, alleging that Hand violated the Policy's "Concealment or Misrepresentation" provision, that coverage was also unavailable because there was no evidence of violent and forcible removal of the Boat, and that coverage was unavailable because the trailer

82955_1
H013.100

Complaint

was not fully immobilized by the attachment of wheel clamps or other professionally manufactured anti-theft device.

14.     On January 12, 2010, more than six months after the loss, the Insured filed a Civil Remedy Notice of Insurer Violation ("CRN") with the Florida Department of Financial Services. A copy of the CRN is attached as Exhibit "B." The CRN was accepted by the Department the same day.

## THE INSURANCE POLICY

15.     The Policy provides insurance coverage for the Boat, including the hull, the two outboard motors, and Hand's accompanying trailer.

16.     Under the Policy, Lloyds agrees to "pay for direct physical loss or damage to the *Boat* from any external cause minus any applicable deductible as shown on Declaration Page." Exhibit A, Policy, p. 3. The Policy's applicable stated limit of liability for damage to the boat is $116,000.

17.     The Policy also provides the following additional coverages:

Cover is also provided for:

F.     *We* will cover theft of *Your* boat including, trailers, outboard motor(s), outdrive unit(s), equipment provided there is evidence of violent and forcible removal of *Your* boat,

In addition to the above all trailer(s) where not in use or left unattended must be fully immobilized, by the attachment of wheel clamps or other professionally manufactured anti theft device which immobilizes *Your* trailer.

Exhibit A, Policy, p. 4. "*Boat*" is defined as "the *Boat* described on the Declarations Page and may include integral components, equipment and accessories normally used on the Boat and pertinent to the operation of the *Boat*. The *Boat* includes hull(s), deck, cabin, deck hardware and

82955_1
H013.100                                                                          Complaint

fixtures and fittings, for the use and/or safety of the *Boat* on deck or below deck machinery, masts, spars, rigging and sails, equipment, accessories, tender(s) and trailer, that would not normally be demountable and would be sold with the *Boat*, and includes generators, refrigerators, desalinators, air conditioning and hydraulic equipment." Exhibit A, Policy, p. 2.

18.    Lloyds has wrongfully refused to indemnify Hand for covered loss.

19.    All conditions precedent to bringing this action have occurred, been performed, or have been waived.

20.    The Insured has retained the undersigned counsel to represent his interests in this matter and is obligated to the firm for the payment of attorneys' fees.

21.    Hand offers to do equity in the premises.

## COUNT I – BREACH OF CONTRACT

22.    Hand reasserts and realleges paragraphs 1 through 21 as if fully set forth herein.

23.    Pursuant to the Policy, which is an enforceable contract under Florida law, Lloyds promised to indemnify Hand for all direct physical loss or damage to the insured property.

24.    The theft of the Boat that occurred on June 25, 2009 is a covered loss under the Policy, and Lloyds has breached the provisions of the Policy described above by failing to indemnify the Insured for covered loss.

25.    Hand did not intentionally conceal or misrepresent any material fact or circumstance relating to the insurance.

26.    No policy conditions or exclusions apply under the circumstances to permit Lloyds to deny indemnification for covered loss, as there is evidence both that the theft was effectuated by violent and forcible removal of the Boat and that the trailer was fully immobilized by the attachment of wheel clamps or other professionally manufactured anti-theft devices.

82955_1
H013.100

Complaint

27.     Hand has suffered and continues to suffer damages as a result of Lloyds's failure to timely indemnify Hand for the covered losses described herein.

**WHEREFORE**, Plaintiff, William Hand demands judgment against Defendant Certain Underwriters at Lloyd's, London for the full amount of covered loss; compensatory damages; pre- and post-judgment interest thereon; attorney's fees pursuant to FLA. STAT. §627.428; costs; and any other relief this Court deems equitable, just, and proper.

Dated this 3ʳᵈ day of February 2010.

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**
Counsel for Plaintiff
100 S.E. Second Street, Thirtieth Floor
Miami, FL 33131
Tel: (305) 577-3996
Fax: (305) 577-3558

By: _____

**JASON S. MAZER, ESQ.**
Florida Bar No. 0149871
jmazer@vpl-law.com

82955_1
H013.100

Complaint

# E X H I B I T A

**EXHIBIT A**



Atlass Special Risks, Inc.
1300 S.E. 17th St, Suite 220, Ft. Lauderdale, FL 33316

CERTIFICATE SCHEDULE

This is to certify that in accordance with the authorisation granted under Contract No: 08H01058/0687
to the undersigned detailed below and in consideration of the premium specified herein an Insurance has been effected in accordance
with the Terms and Conditions herein or endorsed.

Participating Underwriters hereon:        100% UNDERWRITTEN BY CERTAIN UNDERWRITERS AT LLOYDS OF LONDON

### DECLARATION PAGE

INSURED:                William Hand

Additional Insured:     None

Loss Payee:             None

EFFECTIVE DATE:         22 February 2009      12.01 A.M.   To      22 February 2010      12.01 A.M. Local Standard Time

Upon the Vessel:

Name:                                                Year:    2006          Length:      29'

Manufacturer:    Hydra Sport                         Model:   29

Primary Homeport:  Tavernier, FL                     Serial # / Reg #:  GHYVLA0315060

| SECTION & COVERAGES: | AMOUNT OF INSURANCE | DEDUCTIBLE | PREMIUM | (All Values US$) |
|---|---|---|---|---|
| 1 Hull, Equipment, Machinery including Mast, Spars, Rigging & Sails | 116,000 | 2,320 | 1,973 | |
| But increased to In Respect of Named Windstorm Each & Every Claim including Total Loss | | 11,600 | | |
| Tender & Outboard | N/A | N/A | N/A | |
| Trailer | N/A | N/A | N/A | |
| Other | N/A | N/A | N/A | |
| 2 Protection & Indemnity | 500,000 | 500 | 275 | |
| Number of Crew            N/A | | N/A | N/A | |
| 3 Medical Payments Any one person any one accident but limited to any one accident or event | 10,000 | 100 | Included | |
| 4 Personal Effects | 2,500 | 250 | 75 | |
| 5 Uninsured Boater Coverage | 100,000 | 250 | Included | |
| | | TOTAL: | 2,323 | |

Surplus Lines Agent: *Frank Atlass*
Agents Address:   1300 S.E. 17th St. ...
                  Ft. Lauderdale, FL 33316
License: A0091596
Prod. Agent:   Greg J. Coffey
Prod. Address:   510 Bank St.
City/State:  Cape May  NJ  08204
This insurance is issued pursuant to the Florida Surplus
Lines Law. Persons insured by Surplus Lines carriers
do not have the protection of the Florida Insurance
Guaranty Act to the extent of any right of recovery for
the obligation of an insolvent unlicensed insurer.
Premium: 2323.00      Insp. Fee: —
Policy Fee:   35.00    Service Fee:   2.36
Tax:   117.90         PROP. SURCHG.: —
Other: _____        23.58 FHCF

NAVIGATION LIMITS:   Atlantic and Gulf coastal and tributary waters of the state of Florida, not west of Cedar Key, FL.

CONDITIONS:          Per attached Seawave wording amended 18 November 2008 including all terms, conditions, exclusions,
                     clauses & warranties contained therein.
                     In the event Your Boat is designed for or has fitted triple or quad outboard motor propulsion, this insurance will not
                     provide any coverage for loss or damage directly or indirectly caused by theft.

WARRANTIES:          Warranted Private Pleasure Use only.

In the event of any occurrence which may lead to a claim under this insurance, immediate notice must be given to:
Atlass Special Risks, 1300 SE 17th St, Fort Lauderdale, FL  TEL: 1-954-839-9001

This insurance shall be governed by and constructed in accordance with the laws of the State of Florida, or California if applicable, and each party agrees to submit to the
exclusive jurisdiction of the courts of the United States of America.

Issued in Ft Lauderdale, Florida for and on Behalf of:  Atlass Special Risks, Inc

Frank Atlass  PRESIDENT                    Laura Sherrod  SR VICE-PRESIDENT

# SEAWAVE YACHT INSURANCE POLICY WORDING

20th APRIL 2000. AMENDED 18th NOVEMBER 2008





ESTABLISHED 1981

*Produced exclusively for*

# ATLASS SPECIAL RISKS INC

1300 SE 17TH STREET. SUITE 220. FORT LAUDERDALE, FL 33316

# INTRODUCTION

The following is a legal contract between *You* (the named Insured) and *Us* (The Participating Underwriters as detailed herein) consisting of this Policy including a Declaration Page and Endorsement Page(s) incorporated therein.

The Declaration Page shows the information (detailed within the proposal form completed and signed by *You*), which applies, specifically to *Your Boat* and the insurance *You* have purchased in respect of *Your Boat*.

Among other things, the Declaration Page shows:

- *You*, as the named insured;

- The property covered;

- The coverages and amounts of insurance *You* have chosen;

- The charges for these coverages;

- The term *Your* policy is in effect;

- The Underwriters providing *Your* coverage;

- Your policy number;

- The name of the lienholder, if any;

- The navigation limits;

- The endorsements effective;

- The deductible(s).

**The Endorsement Page(s) show the agreed variation(s) to Your policy. You should review the policy wording, Declaration Page and Endorsement Page(s) carefully to be sure that they provide and identify the coverages and amounts of insurance that You require.**

# POLICY DEFINITIONS

A.  "*You*" and "*Your*" - Refer to the insured named on the Declarations Page and any person who has any legal or beneficial interest in any corporation, trust or entity declared as the owner of the *Boat* declared on the Declaration Page or described as an additional insured thereon.

B.  "*We*", "*Us*" and "*Our*" - Refer to the Underwriters providing this insurance named on the schedule of insurers.

C.  "*Insured Persons*" - Means *You*, and any other person operating the insured *Boat* with your prior permission. This does not include:
A paid captain or paid crewmember or a person or organization or their agent or employee operating a marina, shipyard, yacht club, charter operation, sales agency or like organization unless agreed by *Us* and amended by endorsement hereto.

D.  "*Boat Trailer*" - Means the boat's trailer, which is exclusively used for that purpose.

E.  "*Navigation Limits*" - Means all waters as limited and shown on the Declarations Page unless agreed by *Us* and amended by endorsement hereto.

F.  "*Collision Liability*" - *We* will indemnify you for any sum or sums paid by *You* to any other person or persons by reason of *You* becoming legally liable by way of damages for loss of or damage to any other boat or property of any other boat or delay to or loss of use of any such other boat or property thereon where such payment by *You* is in consequence of *Your Boat* hereby insured coming in collision with any other boat.

G.  "*Salvage Charges*" - Means those reasonable charges and expenses which are incurred by *You* if necessary to prevent damage, injury or loss of life and with our permission to prevent or minimize any further loss or damage covered by Section "A" of this insurance.

H.  "*Deductible*" - A deductible is the first amount of any claim, which must be paid by *You*. If a deductible is applicable to any Section of your Policy, the amount will be shown on the Declarations Page and this amount shall be deducted from the amount payable on each admissible claim.

I.  "*Bodily Injury*" - Means physical and direct bodily injury arising from an accident occurring during the period of this Policy arising from the ownership and/or use of the *Boat*.

J.  "*Property Damage*" - Means property damage occurring during the period of this insurance arising from the ownership and/ or use of the *Boat* insured hereunder.

K.  "*Boat*" - Means the *Boat* described on the Declarations Page and may include integral components, equipment and accessories normally used on the Boat and pertinent to the operation of the *Boat*. The *Boat* includes hull(s), deck, cabin, deck hardware and fixtures and fittings, for the use and/or safety of the *Boat* on deck or below deck machinery, masts, spars, rigging and sails, equipment, accessories, tender(s) and trailer, that would not normally be demountable and would be sold with the *Boat*, and includes generators, refrigerators, desalinators, air conditioning and hydraulic equipment.

L.  "*Boat Machinery*" - Means the motor(s) being inboard or outboard and their drive units, being sterndrive or jet, and their transmission boxes, jet units, shafts, propellers, skegs and wiring control cables.

M.  "*Boat Mast(s), Spars, Rigging and Sails*" - Means masts, booms and fittings including spinnaker poles, standing and running rigging and sails both in use and on the *Boat*.

N.  "*Boat Equipment*" - Means instruments and electronic equipment which is not normally demountable and safety equipment in accordance with regulations and any other equipment intended for use with and/or safety of the *Boat* which includes boat canopies and covers, anchors, oars, extra fuel tanks, batteries, tools and all other equipment normally demountable but excluding property of a personal nature.

O.  "*Boat Tender(s)*" - Means the *Boat's* tender(s) (dinghy) and the motors, provided you are the owner and the tender is used to service the *Boat*.

P.  "*Age of Boat*" – Means the age of the scheduled *Boat* calculated by subtracting the year of manufacture from the current calendar year.

# ACTIONS TO TAKE IN THE EVENT OF A LOSS

Immediately upon a loss *You* are to immediately notify *Us* of the loss and its circumstances and take all necessary steps to protect the property from further loss. *We* will pay the reasonable expenses incurred in doing this when the loss is covered under this policy. *We* do not pay for your labor or personal expenses and *We* do not pay an amount exceeding the insured value of *Your Boat*.

Following a loss. *You* are to:
Comply with any reasonable request made of *You* by *Us*;
In the event of submersion, immediately flush out, oil and dry motors, electrical equipment and components;
In the event of theft, immediately notify the Coast Guard, Harbor Patrol, Police or other appropriate authority.
Give *Us* the opportunity to inspect the damaged property before it is repaired or discarded;
Submit a claim form and/or a statement describing the loss (owner's or master's statement of loss) and any records needed to verify the loss, its amounts and if requested, your interest in any property loss;
Assume no obligation, admit no liability and incur no expense for which *We* may be liable without our written permission, other than allowable expenses incurred to protect the property from further loss.
Immediately forward to *Us* any legal papers or notices received in connection with the loss.
Co-operate with *Us* in the investigation, defense or settlement of any loss and agree to be examined under oath if *We* so request;
Examination under Oath – *You* will, as often as may be reasonably required, allow access to any person designated by *Us* all that remains of the insured property. So far within *Your* power *You* shall submit *Your* employees, members of the household and others to examinations under oath by *Us* and as often as may be reasonably required, shall produce for examination all original documents (or certified copied originals if originals are lost), at such reasonable time and place as may be designated by *Us* or *Our* representative. *You* shall permit extracts and copies to be made. No such examinations under oath or any other act of *Ours* or *Our* representatives in the investigation of any claim shall be deemed affirmation of coverage or waiver of any defense by *Us*, such acts being without prejudice to *Our* liability;
Allow examinations by physicians of our choice, when pertinent to the loss;
Help *Us* to obtain copies of medical reports and records;
Give *Us* a final notarized statement ("Statutory Declaration") if requested.

Payment of Loss:
After *We* receive all statements and supporting papers, *We* will promptly process *Your* claim. Upon agreement with *You* of the amount to be paid, *We* will ask *You* to complete a proof of loss as discharge of liability. After submission of this document payment will be issued to *You* and/or any lien holder and/or repair Yard, *Your* co-operation is needed to expedite settlement and payment.

Our Right to Recover:
If *You* have the right to recover from another party who is responsible for a loss to the insured *Boat* and if *We* pay *Your* loss under the policy, this right of recovery will belong to *Us* - *You* shall render to Us all possible aid.

# BOAT POLICY INSURING AGREEMENT

*We*, The Underwriters, and *You*, the insured, agree to comply with the terms of this policy for our mutual benefit on the condition that *You* pay the charges and use reasonable care and diligence in the operation and maintenance of the insured *Boat*, we will pay for direct physical loss or damage to the *Boat* from any external cause minus any applicable deductible as shown on Declaration Page.

Notwithstanding the above, coverage afforded hereon is in accordance with attached wording and may be varied by endorsement as shown within Endorsement Page(s) contained in this policy, such endorsements being specifically noted on Declaration Page.

# SECTION 1 – HULL

If a sum insured is shown for Section 1 on the Declarations Page, *We* will pay for direct accidental physical loss or damage to *Your Boat* which occurs during the period of this insurance contract within *Navigation Limits* as detailed on the above mentioned Declaration Page. At *Our* option, *We* may pay the reasonable cost of repairing *Your Boat*. The amount(s) payable under this Section will not exceed the amounts shown on the Declaration Page under Section 1.

Cover is also provided for:

A.   *We* will pay all agreed and necessary salvage charges occasioned by a loss insured under this Section. *Our* liability for salvage charges shall not exceed 100% of the sum insured under Section 1 of the insurance;

B.   *We* will indemnify *You* for any sum or sums paid by *You* to any other person or persons by reason of *You* becoming legally liable by way of damages for loss of or damage to any other boat or property on any other boat, delay to or loss of use of any such other boat or property thereon where such payment by *You* is in consequence of *Your Boat* hereby insured coming in collision with any other boat;

C.   If *Your Boat* is designed to be trailerable and is being towed by *You* and *You* are complying with all the statutes and laws, *We* will pay for any loss of or accidental damage to *Your Boat* while it is in transit by land, within 100 miles radius from the normal place of storage as stated within your signed proposal form;

D.   Emergency Services - *We* will pay the reasonable cost *You* incur (not to exceed USD200.00 per occurrence) resulting from the following emergency service to *Your Boat*:
Mechanical labor up to one hour at the place of breakdown and the cost of delivery of gas, oil, loaned battery or change of tire.
Notwithstanding the above *We* do not pay for the cost of the above items. No deductible applies to this coverage;

E.   Towing - *We* will pay up to USD500.00 for towing to the nearest place where necessary repairs can be made. **No deductible applies to this coverage;**

F.   *We* will cover theft of *Your* boat including, trailers, outboard motor(s), outdrive unit(s), equipment  provided there is evidence of violent and forcible removal of *Your* boat,

In addition to the above all trailer(s)where not in use or left unattended  must be fully immobilized, by the attachment of wheel clamps or other professionally manufactured anti theft device which immobilizes *Your* trailer.

We will also cover theft of outboard motor(s), outdrives units attached to *Your* Boat whilst *Your* boat is afloat or moored afloat, provided there is evidence of violent and forcible removal from *Your* boat

However where *Your* boat is laid up or stored ashore in no event will *We* cover theft of any outboard(s) or outdrive(s) attached to the boat or stored therein unless, there is evidence of violent and forcible entry into a locked fenced enclosure or secured building.

Notwithstanding the foregoing, **under Section 1 of this policy:**

i)     *We* will not provide any coverage for loss or damage directly or indirectly caused by theft where *Your Boat* is designed for or has fitted triple or quad outboard motor  propulsion.

ii)    *We* will not indemnify *You* for any amount which *You* may become legally liable in respect of removal of obstructionsunder statutory powers;

iii)   *We* will not indemnify *You* for injury or damage to Harbors, Wharves, Piers, Stages and similar structures consequent upon such collision(s);

iv)    *We* will not indemnify *You* for loss of life or personal injury or loss of income of any other boat or person.

## DEDUCTIBLE

A.   **Partial Loss**
We will apply a **Deductible** as stated on the Declaration Page in respect of each and every claim.

B.   **Total Loss**
Unless caused by a Named or Numbered Windstorm, no **Deductible** applies to claims for actual and/or constructive total loss of the *Your Boat*. Claims for actual and/or constructive total loss of *Your Boat* caused by a Named or Numbered Windstorm are subject to the Windstorm **Deductible** stated on the Declaration Page.

*We* agree with *You* that the insured *Boat* and other covered property shall be valued at the amount shown on the Declarations Page less any applicable *Deductible* as stated on the Declaration Page or as detailed above.

# EXCLUSIONS

This insurance does not cover losses and or damages arising (whether incurred directly or indirectly) from the following:

A. Any preexisting physical loss or damage caused to *Your Boat* prior to the commencement of this insurance with or without *Your* knowledge;

B. All loss or damage however caused to *Your Boat* whilst such is being transported on any means of conveyance other than whilst being towed by *You* in accordance with statutes and laws within 100 miles radius from normal place of storage as stated within *Your* signed proposal form;

C. The cost of repairs or replacing any part of *Your Boat* by reason of wear and tear, gradual deterioration, osmosis, wet or dry rot, corrosion, weathering, marring, scratching, denting, vermin, pets or marine life, or electrolytic or galvanic action;

D. Any cost of replacing or repairing any part (including the hull) of *Your Boat* which has failed or cease to function correctly as a result of defects in design, manufacturing defects, latent defects;

E. Equipment carried on *Your Boat*, except as defined in the Definition of *Boat Equipment*;

F. Any loss or damage caused to *Your Boat* in respect of mechanical and/or electrical breakdown however arising;

G. Loss or damage to *Your Boat's* motors caused by or resulting from seizure and/or overheating unless consequent upon an accident, which is a claim under the policy;

H. Theft or larceny or infidelity by *You* or any other party in control and operating *Your Boat* with *Your* authority;

I. *We* will not provide theft coverage if Your Boat is designed for or has triple or quad outboard motor propulsion.

J. Loss or damage to *Your Boat* and/or its equipment due to abandonment by *You* or any other party in control of *Your Boat* with *Your* authority;

K. Any claims caused by or arising out of the unseaworthiness or lack of repair of *Your Boat* caused by the lack of reasonable care and due diligence in the safeguard or maintenance of *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority;

L. All loss, damage or expenses intentionally caused to *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority;

M. Any liability for wages or provisions furnished to paid master or crew;

N. Dropping off or falling overboard of outboard motors;

O. Mysterious disappearance of *Your Boat* and /or its equipment or personal property whatsoever;

P. Loss or damage to sails and protective covers split by the wind or blown away while set unless in consequence to damage to the spars to which sails are bent, or occasioned by *Your Boat* being stranded or in collision or contact with any external substance (ice included), other than water;

Q. Loss or damage caused to or of personal effects, clothing of any description, water ski equipment, diving equipment, fishing equipment, moorings, provisions & fuel unless an amount is shown on the Declarations Page(s) under Section 4. "Personal Effects.";

R. Any personal expenses or those of *Your* family including but not limited to, cost of *Your* own labor, hotel or accommodation costs, car rental, communication costs;

S. Loss caused by delay and or loss of use and enjoyment of *Your Boat* and or its equipment;

T. Negligence or breach of contract in respect of any repair or alteration work carried out for *Your* account or in respect of the maintenance of *Your Boat*;

U.   Loss or damage to the dinghy and or tender whilst being towed behind *Your Boat* or any other boat. Damage to *Your Boat* or boat(s) or outboard motors caused by attempted theft unless there is visible evidence of attempted violent and forcible removal;

V.   Damage, delay or loss of use and enjoyment of *Your Boat* or its equipment, caused by any arrest or detainment by any government, military or usurped power or corporation or entity;

W.   Bottom painting including anti-fouling or barrier coating unless following a recoverable loss hereunder;

X.   Moorings, provision, and fuel.

## GENERAL

Payments in the event of:
Total or Constructive Total Loss – *We* will pay *You* the Agreed Values shown on the Declarations Page if *Your Boat* is totally lost, or if the cost of recovery and repair exceed the Agreed Value.

Partial Loss – If the hull is made in whole or in part of plywood, fiberglass, metal or other material of similar nature its repair shall be made by applying suitable patches to the damage hull area in accordance with generally accepted good repair practice.**If the scheduled boat is 10 years of age or less, repairs are made on a "new for old" basis without depreciation, with the following exceptions:**

   a)   Internal &/or external protective covers, canvas, vinyl, and other like material – 20% per annum;
   b)   Internal &/or external upholstery, fabrics, wall coverings, carpets and rugs – 20% per annum;
   c)   Batteries – 20% per annum;
   d)   Outboard motors – 20% per annum;
   e)   Inflatable tenders or dinghies – 12.5% per annum.

These items are subject to payment on the basis of depreciated cash value. Depreciated cash value means replacement cost less the annual percentage factor of depreciation noted for each;

**If the scheduled boat is greater than 10 years of age the following applies:**
Notwithstanding the foregoing loss or damage to internal &/ external paints, finishes, gelcoat, or other covering, bottom paint including but not limited to anti-fouling or barrier coat finishes, sails, standing and running rigging, internal &/or external protective covers, canvas, vinyl, other like material, internal &/or external upholstery, fabrics, wall coverings, carpets and rugs, machinery including but not limited to engines, generators, water making and waste systems, outboards motors, outdrives, trim tabs, stabilisers, batteries and solar panels, electrical equipment including but not limited to internal and external appliances, winches, pump motors and electrical deck gear, inflatable tenders or dinghies, hard FRP composites, aluminium, wooden tenders or dinghies will be subject to payment on the basis of depreciation cash value less the applicable deductible. Depreciated cash value means replacement cost less the annual percentage factor of depreciation shown as follows:

   a)   Bottom paint including but not limited to anti-fouling or barrier coat finishes 50% per annum;
   b)   Sails, standing and running rigging – 12.5% per annum;
   c)   Internal and/or external upholstery, fabrics, wall coverings, carpets and rugs protective covers, canvas, vinyl and other materials – 20% per annum;
   d)   Outboard Motors – 20% per annum;
   e)   Batteries and solar charging panels – 20% per annum;
   f)   Inflatable, tenders or dinghies – 12.50% per annum;
   g)   Hard FRP, composites, aluminium or wooden tenders or dinghies – 10% per annum;
   h)   Internal and /or external paints, finishes, gelcoat or other covering – 10% per annum;
   i)   Electrical equipment including but limited to internal and external appliances winches, pump motors and electric deck gear – 10% per annum;
   j)   Machinery including but not limited to engines, generators, water making and waste systems – 7% per annum;
   k)   Outdrives, trim tabs, stabilisers – 20% per annum.

The cost of dry-docking and/or lay-days shall be adjusted in accordance with the required time to complete the repair of covered losses. However in no event shall the depreciated value be less than 20% of the replacement cost. Reasonable labor costs to repair or replace the damage items following a recoverable claim shall be payable in full subject always to the application of the appropriate **Deductible**.

# SECTION 2 – PROTECTION AND INDEMNITY

*We* will pay on *Your* behalf all sums which *You* shall become legally liable to pay as damages subject to the terms and conditions of this insurance and the limits stated in Section 2 of the Declaration for:

**Bodily Injury** or **Property Damage** for which *You* are legally liable to pay as a result of an accident arising out of ownership, maintenance or use of *Your Boat*;

**Property Damage** to another boat for which *You* are liable when those sums exceed the amount of insurance provided in the Collision Liability Clause in Section 1 - Hull but in no event will *We* be obligated to pay more than the combined limits stated in Sections 1 and 2 of the Declarations Page;

**Removal of Wreck** *We* will pay for the removal or disposal of the wreck of *Your Boat* if *You* are legally obligated to do so. *We* will also pay the amount for which *You* are held liable if *Your* attempts to remove the wreck fail;

Accidental Physical Loss or Damage to the marine environment including reefs and sea grass.

It is agreed that if a claim occurs for which *We* would have been liable for but owing to the default, act or omission upon *Your* part in obtaining from *Us* such coverage, *We* are not bound to accept liability.

It is agreed that the person in charge of and in control of the *Your Boat* while making way or under way shall be only be *You* or others as may be permitted by the terms and conditions of this policy.

## EXCLUSIONS

*We* do not provide liability coverage for:

a) **Bodily injury** or **property damage** intentionally caused by *You*;

b) **Bodily injuries** for which benefits are required to be provided or are available under any State or Federal compensation law or act;

c) **Bodily injury** to any person who is an employed by *You* and who is engaged in the operation, maintenance, use or repair of *Your Boat*;

d) **Bodily injury** or **property damage** arising out of the transportation of *Your Boat* on land or by sea craft or by air;

e) Liability which has been assumed by *You* under any contract or agreement;

f) Any fine or penalty assessed by a governmental unit;

g) Liability to fare paying passengers or passengers carried under charter;

h) Liabilities, medical expenses, costs, fees or any other related expense whatsoever arising out of illness or injury in any way related to or caused by exposure to the sun or the suns rays either cumulatively or suddenly;

i) Any claim arising from directly or indirectly caused by or associated with asbestosis or lead poisoning or Human T-Cell Lymphotropic Virus type III (HILV II) or Lymphadenopathy Associated Virus (LAV) or the mutants derivatives or variations thereof or in any way related to Acquired Immune Deficiency Syndrome or any syndrome or condition of a similar kind howsoever it may be named;

j) **Bodily injury** to any person or persons whilst being towed by *Your Boat* including waterskiing, glider(s), kite(s), parasailer (s) or other airborne or experimental devices *Your Boat* will be deemed to be used for towing from the time any person or persons begin to leave the *Your Boat*, when towing commences, or when towing is in progress and until all persons or objects have been safely landed on board the *Your Boat* or elsewhere;

k) Bodily injuries to any person or persons while engaged in sub-aqua activity involving the use of aqualung or other sub-aqua equipment or submersible craft, hard hat diving activities or skin diving of any kind. This exclusion applies to all injuries whether sustained in whole or in part while leaving *Your Boat* to enter the water, while in the water, or while boarding *Your Boat* on return from the water and applies to any injuries, wherever sustained as a direct result of the negligence of anyone in connection with said equipment, which plays any causative or contributing role.

l) **Bodily Injury** or **Personal Injury** or loss of, damage to or loss of use of property directly caused by seepage into or onto or pollution of or contamination of air, land, water or any other property, however caused and whenever happening.

The words "loss of, damage to or loss of use of property" as used in this exclusion include, but shall not be limited to: the cost of evaluation, monitoring, controlling, removing, nullifying or cleaning-up any seeping, polluting or contaminating substances.

This exclusion shall not apply where such seepage, pollution or contamination:

      was accidental and was neither expected nor intended by **You**, and

      the occurrence is identified as commencing at an instantaneous moment in time within a seventy-two (72) hour period during the period of this insurance, and

      the occurrence is reported to **Us** within thirty (30) days of the occurrence becoming known to **You**.

It is agreed that this insurance excludes liability for any or all punitive damages or damages assessed against **You** by way of punishment, fine or penalty.

## LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT

If **You** have elected protection under Section 2, coverage shall be limited to the policy Protection and Indemnity limit or USD 500,000 whichever is less.

## AGGREGATE LIMIT OF LIABILITY

Unless stated to the contrary the amount shown for Boating Liability under Section 2 on the Declaration Page is the most **We** will pay regardless of the number of **Insured Persons**, claims made or Boats involved in any one accident, or series of accidents, arising out of the same event.

# SECTION 3 – MEDICAL PAYMENTS AND FUNERAL EXPENSES

If a sum insured is shown for Section 3 on the Declarations Page, **We** will pay the necessary medical and funeral expenses (including transportation costs to Country of Domicile and/or burial) resulting from an accident causing bodily injury to passengers and/ or guests occurring during the period of this insurance while in, upon, boarding or leaving **Your Boat**. These expenses must be incurred within one year from the date of the accident. This coverage will be excess of any other applicable insurance.

## EXCLUSIONS:

**We** do not provide Expenses for:

1) The **Insured Person** &/or the beneficial owner however **We** do provide coverage in respect of a related household member(s) while in, upon or leaving **Your Boat**;

2) Any liability assumed by **You** under any separate contract or agreement;

3) Anyone who is injured while the **Boat** is being transported;

4) Injury to a trespasser on the **Boat**;

5) **Your** employees; or Injuries for which benefits are required to be provided or are available under any State or Federal compensation law or act.

**Limit of Liability**: In any one accident, or series of accidents arising out of the same event, **We** will not be liable for medical and funeral payments beyond the amount shown on the Declarations Page regardless of the number of persons involved or claims made in the accident.

# SECTION 4 – PERSONAL EFFECTS

If a sum insured is shown for Section 4 on the Declarations Page, **We** will pay for all direct physical loss or damage to the personal effects from any accidental cause. This coverage only applies to effects owned by **You** and **Your** immediate family and only while the property is aboard **Your Boat** or being loaded onto or from **Your Boat**. This insurance does not cover sports equipment, cameras, currency, jewelry, furs, china, silver, valuable papers, documents, antiques, collectibles or computer hardware (including laptop computers) and software and credit cards, travellers cheques, watches, fine art.

Fishing gear and tackle, unless permanently affixed to **Your Boat**, are deemed Personal Effects.

**We** will pay the actual cost value of the effects at the time of the loss or the amount shown on the Declaration Page, whichever is the lower sum (less the **Deductible**). In any one accident, **We** will not be liable for personal effects beyond the amount shown on the Declarations Page regardless of the number of persons involved or claims made in the accident.

**EXCLUSIONS:**
1) *We* do not provide personal effects coverage for loss or damage caused by wear and tear, gradual deterioration, mechanical or electrical failure or disturbance, corrosion or inherent vice, dampness, temperature changes or mysterious disappearance;
2) *We* do not provide theft coverage unless there is evidence of forcible and violent entry and removal from *Your* locked *Boat* or locked place of storage contained within *Your Boat.*

## SECTION 5 – UNINSURED BOATER COVERAGE

If a sum insured is shown for Section 5 on the Declarations Page We will provide coverage in respect of :

"Uninsured Boat owner" means an owner or operator of a boat other than the *Boat* named in this Policy who is legally responsible for the accident and:
To whom no liability policy applies; or who cannot be identified.

*We* will pay the damages, which, because of Bodily Injury received aboard *Your Boat, You* are legally entitled to recover from an uninsured owner or operator of another boat.

Limit of Liability: The limit of liability shall be the lesser of the sum insured provided by Section 5 of the policy or USD 100,000 and this shall be *Our* maximum limit of liability for all damages resulting from any one accident. This is the most We will pay regardless of the number of:
Covered persons;
Claims made;
Boats or premiums shown in the Declarations; or
Boats involved in the accident.

Any amount otherwise payable for damages under this coverage shall be reduced by all sums paid because of the *Bodily Injury* by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Section 1 and any payment under this coverage will reduce any amount that person is entitled to recover for the same damages.

*We* do not provide Uninsured Boat owner coverage for:
1) Claims settled without our written consent;
2) Boats owned by or furnished for the regular use of *You*, a member of *Your* family or any person insured by this Policy;
3) An Insured using a Boat without permission;
4) When *Your Boat* named on the Declaration page is being used in a commercial adventure;
5) Where no evidence of physical contact exists between Your Boat and an uninsured boat.

## SECTION 6 – WAR AND STRIKES COVERAGE

If a sum insured is shown for Section 6 on the Declarations Page, and subject always to the exclusions hereinafter referred to, this insurance covers loss of or damage to *Your Boat* caused by
6.1    war, civil war, revolution, rebellion, insurrection, or civil strife arising therefrom or any hostile act by or against a belligerent power
    6.1.2    capture seizure arrest restraint or detainment, and the consequences thereof or any attempt threat
    6.1.3    derelict mine, torpedoes bombs or other derelict weapons of year
    6.1.4    strikers locked out workmen or persons taking part in labour disturbances, riots or civil commotions
    6.1.5    any terrorist or any person acting from a political motive
    6.1.6    confiscation or expropriation
    Provided that the insurance provided under this section (with the exception of Clause 6.1.4) shall not apply before *Your Boat* has been launched or whilst she is hauled out ashore.
6.2    INCORPORATION
    Sections 1, 3, 4 & 5 are deemed to be incorporated in this insurance in so far as they do not conflict with the provisions of these clauses and providing that any indemnity in respect of any sum or sums for which *You* may become legally liable in respect of any one accident or series of accidents arising out of the same event shall be limited to the sum stated for this purpose in this insurance or, if no such amount is stated, to the sum insured in respect of *Your Boat.*

6.3   DETAINMENT
In the event that *Your Boat* shall have been the subject of capture seizure arrest restraint detainment confiscation or expropriation, and which *You* shall thereby have lost the free use and disposal of *Your Boat* for a continuous period of 12 months then for the purpose of ascertaining whether *Your Boat* is a constructive total loss which *You* shall be deemed to have been deprived of the possession of *Your Boat* without any likelihood of recovery.

6.4   EXCLUSIONS
This insurance excludes
6.4.1      loss damage liability or expense arising from
6.4.1.1   any detonation of any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter, hereinafter called a nuclear weapon of war
6.4.1.2   the outbreak of war (whether there be a declaration of war or not) between any of the following countries: United Kingdom, United States of America, France, the Russian Federation, the People's Republic of China
6.4.1.3   requisition or pre-emption
6.4.1.4   capture seizure arrest restraint detainment confiscation or expropriation by or under the order of the government or any public or local authority of the country in which *Your Boat* is owned or registered
6.4.1.5   arrest restraint detainment confiscation or expropriation under quarantine regulations or by reason of infringement of any customs or trading regulations
6.4.1.6   the operation of ordinary judicial process, failure to provide security or to pay any fine or penalty or any financial cause;
6.4.1.7   piracy (but this exclusion shall not affect cover under Clause 6.1.4 above)
6.4.2      loss damage liability expense directly or indirectly caused by or contributed to or arising from
6.4.2.1   ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel
6.4.2.2   the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof
6.4.3      loss damage liability or expense covered by this wording or which would be recoverable hereunder but for Section 2 herein
6.4.4      any claim for any sum recoverable under any other insurance on *Your Boat* or which would be recoverable under such insurance but for the existence of this insurance
6.4.5      any claim for expenses arising from delay except such expenses as would be recoverable in principle in Floridian law and practice under the York-.Antwerp Rules 1974.

6.5   TERMINATION
6.5.1      The coverage provided by this section may be cancelled by *Us* or *You* giving 7 days notice (such cancellation becoming effective on the expiry of 7 days from midnight of the day on which notice of cancellation is issued by or to *Us*) *We* agree however to reinstate this insurance subject to agreement between *Us* and *You* prior to the expiry of such notice of cancellation as to new rate of premium and or conditions and/or warranties.
6.5.2      Whether or not such notice or cancellation has been given this insurance shall TERMINATE AUTOMATICALLY
6.5.2.1   upon the occurrence of any hostile detonation of any nuclear weapon of war as defined In Clause 6.4.1.1 above wheresoever or whensoever such detonation may occur and whether or not *Your Boat* may be involved
6.5.2.2   upon the outbreak or war (whether there be a declaration of war or not) between any of the following countries: United Kingdom, United States of America, France. Russian Federation, the Peoples Republic of China
6.5.2.3   in the event of *Your Boat* being requisitioned, either for title or use.

**The following exclusions will only apply where this Section 6 is non operational**

## WAR EXCLUSION
In no case shall this insurance cover loss, damage, liability or expense caused by war, civil war, revolution, rebellion, insurrection or civil strife arising therefrom, or any hostile act by or against a belligerent power capture, seizure, arrest, restraint or detainment (barratry and piracy excepted), and the consequences thereof or any attempt thereat derelict mines, torpedoes, bombs or other derelict weapons of war.

## STRIKES AND POLITICAL ACTS EXCLUSION
In no case shall this insurance cover loss, damage, liability or expense caused by strikers, locked-out workmen, or persons taking part in labour disturbances, riots or civil commotions any terrorist or any person acting from a political motive

# GENERAL CONDITIONS APPLICABLE
# TO ALL SECTIONS OF THIS POLICY

## CHANGES IN POLICY
This policy contains all the agreements between *You* and *Us*. No changes may be made unless agreed by *Us* in writing.

## NAMED OPERATOR
If the insured *Boat* has speed capability exceeding 45 knots the *Boat* may only be operated by *You* and/or another operator declared to and approved in advance by *Us* in writing.

## CONTINUATION CLAUSE
If *You* have been at sea in *Your Boat* for more than 24 consecutive hours and this policy expires (other than by cancellation), the policy will remain in effect until *You* arrive at *Your* next port and while moored there for 24 consecutive hours, provided that You notify *Our* office within the first 24 consecutive hours of *Your* arrival and make the necessary arrangements as may be required by *Us* to renew Your Policy.

## CONCEALMENT OR MISREPRESENTATION
*We* do not provide coverage for *You* or members of *Your* immediate family who intentionally concealed or misrepresented any material fact or circumstances relating to this insurance.

## COMPLIANCE WARRANTY
It is warranted by *You* that all necessary or required licenses, permits and certificates pertaining to the use and operation of *Your Boat* are in force and effect as of the effective date of the coverages provided, and will be so during the period of this insurance, and that during all such times *You* will comply with all laws, rules and regulations that apply to the uses to which *You* employ *Your Boat.*

## CANCELLATION AND RETURN PREMIUM
*You* may cancel at any time by returning this policy to *Us* or by providing *Us* with advance written notification of the cancellation date. If *You* request cancellation, the return premium will be short rate. *We* may cancel this policy by notifying *You* in writing at least ten (10) days before the date the cancellation is to take place.

This cancellation notice may be mailed to *You* at the address shown on the Declarations Page and such mailing shall be sufficient proof of notice. If *We* cancel, the return premium will be pro-rata. In the event of a total or constructive total loss, the full annual premium will be due and considered fully earned.

## OTHER INSURANCE
*You* may have other insurance which covers *Your* losses. If so, the most *We* will pay for the loss (other then Section 3) will be calculated in this way:

First, *We* will add the total applicable coverage limits of all valid and collectible insurance covering the loss;

Second, *We* will figure what percentage *Our* coverage limit is of this total;

Finally, *We* will multiply the amount of *Your* loss by this percentage. The result is the most *We* will pay.

## TRANSFER OF INTEREST
If *You* sell, transfer, mortgage or pledge *Your Boat* or this policy, policy coverage will cease unless *You* have *Our* prior written consent.

## INBOARD MACHINERY
Where *Your Boat* is fitted with inboard diesel or electrical engine no liability shall attach to this insurance in respect to any claim caused by or arising through fire or explosion unless *Your Boat* is equipped in the engine room (or engine space) tank space and galley or galley area with a fully functional fire extinguishing system automatically operated at the steering position or manual fire extinguisher(s) installed in an accessible position.

In addition to the above and where *Your Boat* is fitted with an inboard gasoline engine it must be equipped with a fully functional fire suppression or sniffer system in addition to fully functional manual fire extinguisher (s) or fire extinguishing system automatically operated at the steering position.

Where such systems and safeguards are fitted, it is further warranted that such equipment is properly installed and maintained in efficient working order.

## RENEWAL SURVEY CLAUSE
Failure to comply with the clause, as set out below, will result in automatic non-renewal of this insurance.

If *We* hereby give the insured formal notice that a new, up to date out of water survey is required no less than sixty (60) days prior to the expiration date on the Declaration Page to which this clause attaches.

*You* are hereby notified that, in the event said survey is not furnished within the time provided for above, *Your* policy will not be renewed and will expire on the expiration date set forth within this policy.

In the event that any portion of RACCBE may be found to be unenforceable in whole or in part under the law of any state, territory, district, commonwealth or possession of the U.S.A., or any province or territory of Canada, the remainder shall remain in full force and effect under the laws of that state, territory, district, commonwealth or possession, province or territory. Further, any such finding shall not alter the enforceability of RACCBE under the laws of any other state, territory, district, commonwealth or possession of the U.S.A., or any province or territory of Canada, to the fullest extent permitted by applicable law.
USCAN B
29/01/04

## SEVERAL LIABILITY NOTICE

The subscribing insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.
08/94
LSW1001 (Insurance)

## SERVICE OF SUIT CLAUSE (U.S.A.)

It is agreed that in the event of the failure of *Us*, the Underwriters, severally subscribing this insurance (the Underwriters) to pay any amount claimed to be due hereunder, *We*, the Underwriters, at the request of *You*, the *Insured*, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that *We*, the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of *Us*, the Underwriters', rights to remove an action to a United States Federal District Court or to seek remand there from or to seek a transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

Subject to *We*, the Underwriters', rights set forth above:

(a) It is further agreed that *You*, the Insured, may serve process upon any senior partner in the firm of:
Mendes & Mount (Attorneys), 750 Seventh Avenue, New York, N.Y. 10019-6829
and that in any suit instituted against any one of them upon this contract *We*, the Underwriters will abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

(b) The above-named are authorized and directed to accept service of process on behalf of *Us*, the Underwriters, in any such suit and/or upon the request of *You*, the *Insured*, to give a written undertaking to *You*, the *Insured*, that they will enter a general appearance upon *Us*, the Underwriters', behalf in the event such a suit shall be instituted.

(c) The right of *You*, the *Insured*, to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account. For the purpose of suit as herein provided the word Insured includes any mortgage under a ship mortgagee which is specifically named as a loss payee in this insurance and any person succeeding to the rights of any such mortgage.

(d) Further, pursuant to any statute of any state, territory or district of the United States of America which makes provision therefore, *We*, the Underwriters, hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office (the Officer), as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of *You*, the *Insured*, or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-named as the person to whom the Officer is authorized to mail such process or a true copy thereof.

If this clause is attached to a contract of reinsurance the terms insurance and *Insured* shall mean re-insurance and Re-insured respectively.

**Conformity to Statute:** Any provision in this Policy that conflicts with any State statute is hereby amended to conform to the minimum requirements of the State statute.

**Abandonment:** *We, the Underwriters* need not accept or pay for any of *Your*, the *Insured's*, property abandoned by *You, the Insured*.

**Impairment of recovery:** *You, the Insured* shall render to *Us, the underwriters*, all possible aid in obtaining information and

evidence should *We, the underwriters*, desire to take proceedings at *Our, the Underwriters*, own expense and for *Our, the underwriters*, own benefit in *Your, the Insured's* name.

### Defense and Cost
With respect to the coverage provided by *Us, the Underwriters*, to an *Insured Person*, *We* will:

Defend any suit against an *Insured Person* alleging claims and seeking damages which are within the coverage provided by this policy even if such suit is groundless, false or fraudulent, but *We, the Underwriters*, may make such investigation, negotiation and settlement of the claims or suit as *We, the Underwriters*, may deem necessary;

Pay, in addition to the applicable limits of insurance coverage stated in the relevant Section(s) on the Declaration Page:

All expenses incurred by *Us, the Underwriters*, or taxed against an *Insured Person* in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before *We, the Underwriters*, have paid or tendered or deposited in Court that part of the judgment which does not exceed such limit;
All reasonable expenses other than loss of earnings incurred by an *Insured Person* at *Our, the Underwriters*, request; provided that immediate notice of any such claim or suit is given to *Us, the Underwriters*, as required above by the *Insured Person* and provided that *We, the Underwriters*, will have the right to appoint counsel of *Our, the Underwriters* choice to investigate and, as *We, the Underwriters*, believe necessary, to defend such suits. Failure to provide such notice may prejudice the insurance coverages provided by this policy of insurance.

**Co-Loss Payee:** If a co-loss payee is named in this insurance, any loss payable will be paid to the co-loss payee and You, the Insured, as interest may appear. If more than one co-loss payee is named, the order of payment will be the same as the order of precedence of the co-loss payees, subject to the other terms and provisions of this insurance, We, the Underwriters cover the interests of the co-loss payee.

**Punitive or Consequential Damages:** In no event will the coverage that is provided by this insurance include any coverage for punitive or exemplary damages awarded against an *Insured Person* for any reason whatsoever nor will coverage include consequential damages, including loss of use or loss due to delay, whether claimed against *Us, the Underwriters*, by an *Insured Person* or third person.

**Renewal:** The period of insurance shown on the Declarations Page. This policy may be renewed for successive periods if the required premium is paid and accepted by *Us, the Underwriters*, or agreed to be paid and accepted by *Us, the Underwriters*, on or before the expiration of the current period. The premium will be calculated at a rate agreed by *Us, the Underwriters*.

**Held Covered:** If the Navigation Limits of this policy are breached for reasons beyond *Your* control, coverage will remain in effect, provided:

*We, the Underwriters*, receive written notice as soon as the facts with respect to the breach are known to *You* and the appropriate additional premium is paid at the current rates then in effect.


## GENERAL EXCLUSIONS APPLICABLE TO ALL SECTIONS OF THIS POLICY

This policy does not cover:

1) The Deductible as defined in the Policy Definitions;

2) Any claims arising when *Your Boat* or any substitute Boat is:

    a)   Unless stated herein to the contrary being used for other than private pleasure purposes or is let out on hire or charter or used for reward of any kind;

    b)   power boats being used for racing, ski trials, speed tests, time trials or any like event, unless extended;

c)  being used for illegal activities. This exclusion (c) does not apply if *You* were not the person using or in control of the *Your Boat* and *You* prove to *Us* that *You* did not consent to the use of *Your Boat* by a person in such circumstances;

d)  whilst left moored or anchored unattended off an exposed beach or shore. This does not preclude visits to the shore during daylight hours; subject always that in the event of adverse weather conditions arising immediate return to *Your Boat* is required;

e)  whilst participating in sailboat races where there is an international YRU jury.

## NUCLEAR EXCLUSION

In no case shall this insurance cover loss, damage, liability or expense arising from:

any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter;

ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel;

the radioactive, toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof.

## DELIBERATE GROUNDING/BEACHING EXCLUSION CLAUSE.

*We* will not pay for any physical loss or damage directly or indirectly caused by *Your Boat* or her tenders or dinghies, jet skis and the like being deliberately grounded or beached.

## LLOYD'S PRIVACY POLICY STATEMENT

### UNDERWRITERS AT LLOYD'S, LONDON
The Certain Underwriters at Lloyd's, London want *You* to know how *We* protect the confidentiality of *Your* non-public personal information. *We* want *You* to know how and why *We* use and disclose the information that *We* have about you. The following describes our policies and practices for securing the privacy of *Our* current and former customers.

### INFORMATION WE COLLECT
The non-public personal information that *We* collect about *You* includes, but is not limited to:
Information contained in applications or other forms that *You* submit to *Us*, such as name, address, and social security number
Information about *Your* transactions with *Our* affiliates or other third-parties, such as balances and payment history
Information *We* receive from a consumer-reporting agency, such as credit-worthiness or credit history

### INFORMATION WE DISCLOSE
*We* disclose the information that *We* have when it is necessary to provide *Our* products and services. *We* may also disclose information when the law requires or permits *Us* to do so.

### CONFIDENTIALITY AND SECURITY
Only *Our* employees and others who need the information to service *Your* account have access to *Your* personal information. *We* have measures in place to secure *Our* paper files and computer systems.

### RIGHT TO ACCESS OR CORRECT YOUR PERSONAL INFORMATION
**You have a right to request access to or correction of Your personal information that is in Our possession.**

### CONTACTING US
If *You* have any questions about this privacy notice or would like to learn more about how *We* protect your privacy, please contact the agent or broker who handled this insurance. *We* can provide a more detailed statement of *Our* privacy practices upon request.
06/03
LSW1135B

## COMPLAINTS PROCEDURES

*We* care about the service *We* provide to *Our* customers and set ourselves high standards. If *We* do not meet *Your* expectations or *You* are dissatisfied in some way *We* would like to know. If *You* have a problem, please follow the steps outlined below.

**Step one**
The issue can be raised orally or in writing to the person at *Your* brokers or agent handling *Your* insurance. Please have *Your* Policy or claim number ready as a reference.

**Step two**
Within 5 business days of receipt, *Your* broker or agent will send *You* an acknowledgement in writing, informing *You* of the person who will be dealing with *Your* concerns, and confirming *Our* understanding of the issues *You* raised, if appropriate.
If *We* are unable to respond immediately, a written response will be given within 20 business days, unless the issue is sufficiently complicated to warrant further investigation, or if it requires a review of information outstanding from a third party, in which case *You* will be advised accordingly. If *We* have to do this *We* will inform *You* in writing of the reasons why *We* have been unable to resolve *Your* problem and why *We* need more time to do so. *We* will also tell you when *You* can expect *Our* final response.

**Step three**
In the event a complaint from an insured is brought to *Our* attention by any State Insurance Commissioner's Office, or equivalent, Atlass Special Risks, Inc. will promptly inform *Us, the Underwriters* and take immediate appropriate action to solve or placate the matter keeping Underwriters fully informed of the situation.

**Step four**
If *You* are unable to resolve the situation and wish to make a complaint, *You* can do so at any time by referring the matter to Lloyd's Policy Holder and Market Assistance Department, Lloyd's, One Lime Street, London, England, EC3M 7HA.
Tel:          01144 20 7327 5693
Fax:         01144 20 7327 5225
E-mail:     complaints@lloyds.com
Copies of *Our* complaints procedures are also available from the above address.

**Step five**
Complaints that cannot be resolved by Lloyd's Complaints Department may be referred to the Financial Ombudsman Service.

## E-1. PAID CAPTAIN AND/OR CREW (EXCLUDING OWNER-CAPTAIN)

It is agreed the policy that if *Your Boat* is US flagged this insurance is extended to include Jones Act or other applicable regulatory liabilities coverage while *Your Boat* is operated by a paid captain and/or crew.
For all other non US flagged Boats laws governing the flag state will apply.

## E-2. TEMPORARY PAID CREW COVERAGE

In consideration of the premium specified on the declaration page it is hereby understood and agreed that the liability coverage of the present policy covers the *Your* liability to paid crew in accordance with the laws governing the flag state of *Your Boat*.
It is warranted that this insurance will not cover crew liability if the number of paid crew aboard exceed that number crew stated on the Declaration Page.
Notwithstanding the aforementioned, *Our* maximum limit of liability under the policy shall not exceed the amount of insurance shown for liability coverage on the Declarations Page of endorsements attached thereto.

E

X

H

I

B

I

T


B

**EXHIBIT B**





Alex Sink
Chief Financial Officer of Florida

Filing Number:     **149154**

Filing Accepted:   **1/12/2010**

Warning! Information submitted as part of this civil remedy notice is a public record.  Data entered into this form will be displayed on the DFS website for public review.  Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

| | |
|---|---|
| Name: | **WILLIAM HAND** |
| Street Address: | **5 HALLMAN ROAD** |
| City, State Zip: | **STONE HARBOR, NJ  08247** |
| Email Address: | |
| Complainant Type: | **Insured** |

| | |
|---|---|
| Name: | **WILLIAM HAND** |
| Policy #: | **08H01058/0687** |
| Claim #: | **ATL0058** |

| | |
|---|---|
| Name: | **JASON S MAZER** |
| Street Address: | **VER PLOEG & LUMPKIN, PA., 100 SE 2 STREET, 30 FL** |
| City, State Zip: | **MIAMI, FL  33131** |
| Email Address: | **JMAZER@VPL-LAW.COM** |

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **LLOYD'S, UNDERWRITERS AT, LONDON** |
| Street Address: | |
| City, State Zip: | **,** |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**HENRY HAAYEN, VARIOUS**

Type of Insurance:

DFS-10-363
Rev. 11/2007





Alex Sink
Chief Financial Officer of Florida

Filing Number:   **149154**

Reasons for Notice:

**Claim Denial**

**Claim Delay**

**Unfair Trade Practice**

**PURSUANT TO SECTION 624.155, F.S.**  please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| **624.155(1)(b)(1)** | **Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.** |
| **626.9541(1)(i)(2)** | **A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy.** |
| **626.9541(1)(i)(3)(a)** | **Failing to adopt and implement standards for the proper investigation of claims.** |
| **626.9541(1)(i)(3)(b)** | **Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.** |
| **626.9541(1)(i)(3)(c)** | **Failing to acknowledge and act promptly upon communications with respect to claims.** |
| **626.9541(1)(i)(3)(d)** | **Denying claims without conducting reasonable investigations based upon available information.** |
| **626.9541(1)(i)(3)(e)** | **Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed.** |
| **626.9541(1)(i)(3)(f)** | **Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.** |
| **626.9541(1)(i)(3)(g)** | **Failing to promptly notify the insured of any additional information necessary for the processing of a claim.** |
| **626.9541(1)(i)(3)(h)** | **Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.** |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

DFS-10-363
Rev. 11/2007

BOAT POLICY INSURING AGREEMENT

WE, THE UNDERWRITERS, AND YOU, THE INSURED, AGREE TO COMPLY WITH THE TERMS OF THIS POLICY FOR OUR MUTUAL BENEFIT ON THE CONDITION THAT YOU PAY THE CHARGES AND USE REASONABLE CARE AND DILIGENCE IN THE OPERATION AND MAINTENANCE OF THE INSURED BOAT, WE WILL PAY FOR DIRECT PHYSICAL LOSS OR DAMAGE TO THE BOAT FROM AN EXTERNAL CAUSE MINUS ANY APPLICABLE DEDUCTIBLE AS SHOWN ON THE DECLARATION PAGE.

SECTION 1 – HULL

IF A SUM INSURED IS SHOWN FOR SECTION 1 ON THE DECLARATIONS PAGE, WE WILL PAY FOR DIRECT ACCIDENTAL PHYSICAL LOSS OR DAMAGE TO YOUR BOAT WHICH OCCURS DURING THE PERIOD OF THIS INSURANCE CONTRACT WITHIN NAVIGATION LIMITS AS DETAILED ON THE ABOVE MENTIONED DECLARATION PAGE.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

LLOYDS ISSUED A MARINE "ALL RISK" INSURANCE POLICY TO WILLIAM HAND, PROVIDING COVERAGE FOR LOSS SUSTAINED BETWEEN FEBRUARY 22, 2009 AND FEBRUARY 22, 2010. DURING THE POLICY PERIOD, ON JUNE 25, 2009, THE INSURED VESSEL, INCLUDING AN ACCOMPANYING TRAILER AND TWO OUTBOARD MOTORS, WAS STOLEN FROM HAND'S HOME IN ISLAMORADA, FLORIDA. HAND PROMPTLY REPORTED THE THEFT BOTH TO THE MONROE COUNTY SHERIFF'S DEPARTMENT AND TO LLOYDS. THE VESSEL WAS FOUND THE NEXT DAY IN MIAMI, FLORIDA BY THE MIAMI-DADE COUNTY POLICE DEPARTMENT. THE VESSEL WAS SUBSEQUENTLY TRANSFERRED TO PLANTATION BOAT MART & MARINA ("PLANTATION") IN TAVERNIER, FLORIDA.

ON JULY 15, 2009, DAVE MORRIS OF MORRIS MARINE, INC. – A LLOYDS REPRESENTATIVE – CONDUCTED A SURVEY OF THE RECOVERED VESSEL AND PREPARED A REPORT DATED JULY 16, 2009. THE REPORT CONCLUDED THAT THE CAUSE OF LOSS WAS THEFT AS HAND MAINTAINED, WITH THE DAMAGES TO THE HULL AND MISSING EQUIPMENT BEING CONSISTENT WITH A THEFT. DESPITE RECEIVING THE SURVEY REPORT, LLOYDS WRONGFULLY DENIED COVERAGE FOR HAND'S CLAIM BY LETTER DATED OCTOBER 14, 2009 ON THE ERRONEOUS GROUNDS THAT THE VESSEL WAS NOT FORCIBLY REMOVED AND THAT HAND HAS VIOLATED THE POLICY'S "CONCEALMENT OR MISREPRESENTATION" PROVISION.

LLOYDS HAS, AMONG OTHER WRONGFUL CONDUCT, REFUSED TO ENGAGE IN GOOD FAITH SETTLEMENT DISCUSSIONS WITH HAND, HAS MADE MATERIAL MISREPRESENTATIONS TO HAND CONCERNING COVERAGE AVAILABLE UNDER THE POLICY, AND HAS MISREPRESENTED PERTINENT FACTS AND POLICY PROVISIONS. LLOYDS HAS ALSO FAILED TO INVESTIGATE AND ADJUST THE CLAIM IN GOOD FAITH. TO DATE, LLOYDS HAS NOT MADE ANY PAYMENT TO HAND. DESPITE ITS UNLAWFUL CONDUCT, LLOYDS CAN CURE ITS STATUTORY VIOLATIONS BY TIMELY PAYING HAND FOR ALL COVERED LOSS.

| User Id | Date Added | Comment |
|---------|------------|---------|
|         |            |         |